**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Med 4 Home, Inc., | No. CV 08-1912-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Geriatric Services of America, Inc.; E-Health Solve, Inc., | |
| Defendants. | |

Pending before this Court is Plaintiff's motion to remand to state court, or in the alternative motion to abstain. Plaintiff's motion states that there is no federal subject matter jurisdiction because the complaint does not state a federal question. In both the notice of removal and the response to the motion to remand, Defendant E-Health Solve, Inc., claims that there is federal question jurisdiction because: (1) the complaint implicates HIPAA, and (2) this case relates to the bankruptcy of a company (Soporex) who is not a party to this case. The Court will consider each theory of federal question jurisdiction in turn.

**HIPAA**

Removal is appropriate if Plaintiff could have originally brought this case in federal court as a civil action, "arising under the Constitution, laws or treaties of the United States." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manuf.*, 545 U.S. 308, 312 (2005) (citing 28 U.S.C. § 1331). "This provision for federal-question jurisdiction is invoked

1   by and large by plaintiffs pleading a cause of action created by federal law." *Id.* In this case,
2   it is undisputed that if HIPAA[1] <u>created</u> Plaintiff's cause of action, then federal question
3   jurisdiction would exist.

4   However, HIPAA does not create a private right of action. *Webb v. Smart Document*
5   *Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). As a result, Plaintiff's causes of action
6   in this case were not created by federal law. In fact, Plaintiff's causes of action for
7   conversion, intentional interference with business expectancy, and misappropriate of trade
8   secrets/confidential information, arise under state law. Complaint (Doc. #1-4 at 7-11).

9   Defendant E-Health Solve, Inc. cites only one case to support its theory that this case
10  creates a federal question; specifically, Defendant E-Health Solve, Inc. argues: "HIPAA
11  matters are federal questions, over which the Federal Courts have exclusive jurisdiction.
12  *Univ. of Colo. Hosp. Auth. v. Denver Publ. Co.*, 340 F.Supp.2d 1142, 1146 (D. Colo. 2004)."
13  Doc.#23 at 8. In the cited case, the court concluded that HIPAA did not create a private right
14  of action and dismissed the HIPAA claim. *Denver Publ.*, 340 F.Supp.2d at 1146. The court
15  then presumed that attempting to bring a non-existent claim under federal law was sufficient
16  to create federal question jurisdiction such that the court could exercise its discretion to keep
17  the state-law claims in federal court under pendent jurisdiction.[2] *Id.* The court ultimately
18  declined to keep the state-law claims and remanded the case to state court. *Id.* This Court
19  does not find the Colorado court's statement regarding jurisdiction persuasive for three
20  reasons.

21  First, it does not appear that the question - whether bringing a non-existent federal
22  claim established federal jurisdiction - was actually decided by the court, thus this language
23  is dicta. Next, the question of whether the court had the power to exercise pendent

---

25  [1] "Health Insurance Portability and Accountability Act of 1996, Pub.L 104-191, 110
26  Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.)." *Webb v. Smart*
    *Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007).

27  [2] The court stated, "Although I have the discretion to try pendent state claims after
28  dismissing the federal claim that established the court's original jurisdiction, ..."

- 2 -

1 jurisdiction was never tested because the court remanded the case. Finally, the Colorado case
2 is distinguishable from this case because there was no attempt in this case to bring a cause
3 of action based on HIPAA; thus, even if bringing a non-existent federal claim confers
4 jurisdiction on this Court, no such claim was brought in this case. Accordingly, this Court
5 holds, in conformance with *Webb*, that because HIPAA does not create a private right of
6 action, it cannot form the basis for federal question jurisdiction as a claim created by federal
7 law. *Webb*, 499 F.3d at 1082.

8 However, whether a private right of action exists is not dispositive of whether federal
9 question jurisdiction exists. *Grable*, 545 U.S. 318. In other words, federal question
10 jurisdiction might still exist even when the federal statute does not create a private right of
11 action. *Id.* at 317-18. Specifically, "federal-question jurisdiction will lie over state-law
12 claims that implicate significant federal rights." *Id.* at 312. And more specifically, "the
13 question is, does a state-law claim necessarily raise a stated federal issue, actually disputed
14 and substantial, which a federal forum may entertain without disturbing any congressionally
15 approved balance of federal and state judicial responsibilities." *Id.* at 314.

16 In explaining the parameters of this type of federal question jurisdiction, the Supreme
17 Court has held that a state tort claim resting in part on the allegation that the defendant drug
18 company had violated the federal branding laws and was, as a result, presumptively negligent
19 under state law, did not give rise to federal question jurisdiction even though the details of
20 the federal branding requirements would be litigated within the case. *See Merrell Dow*
21 *Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 806, 817 (1986). Conversely,
22 distinguishing *Merrell Dow*, the Supreme Court held in *Grable* that a state quiet title action
23 the result of which depended on whether Grable was given notice within the meaning of the
24 federal tax statute presented a federal question even though no federal quiet title action
25 existed. *Grable*, 545 U.S. at 314-15.

26 In *Merrell Dow*, the Court found the absence of a federal private right of action
27 relevant in two respects: first, it showed that the gravity of the federal claim was not
28 substantial, and second, the lack of the private right of action combined with no preemption

of state remedies showed Congress's intent with regard to jurisdiction (specifically, that jurisdiction lied with the state court). *Grable*, 545 U.S. at 318 (discussing the holding in *Merrell Dow*). Additionally, the *Merrell Dow* Court found the fact that the federal labeling standard could be the basis for numerous cases to be a significant fact weighing against federal question jurisdiction. *Grable*, 545 U.S. at 318. ("For if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would [mean] a tremendous number of cases."). Thus, in *Merrell Dow* the Court found no federal question jurisdiction. *Merrell Dow*, 478 U.S. at 817.

In reaching the opposite result in *Grable*, the Court focused on the fact that the meaning of the federal statute was actually in dispute, that deciding the meaning of the federal tax provisions sensibly belonged in federal court, and that the federal government had a strong interest in the collection of delinquent taxes. *Grable*, 545 U.S. at 315. Additionally, in *Grable* the Court noted, "it is the rare state quiet title action that involves contested issues of federal law" thus, finding federal question jurisdiction in that case would not materially affect "the normal currents of litigation." *Id.* at 319.

In this case, unfortunately, neither party discussed *Grable*. Instead, Plaintiff relies on *Merrell Dow* for the proposition that if there is not a federally created private right of action, then there is never federal question jurisdiction; an argument that is clearly foreclosed under *Grable*. Defendant E-Health Solve, Inc., without any citation or analysis of the factors discussed in *Grable*, concludes that interpreting HIPAA is the predominate factor in determining all of Plaintiff's claims; thus, this Court has jurisdiction. Doc. #23 at 9.

In sum, this Court has jurisdiction if: 1) the federal issues are essential to the claims, 2) there is substantial federal interest in resolving such issues, and 3) a federal forum may entertain the state-law claims without disturbing the balance of federal and state responsibilities. *Grable*, 545 U.S. at 314. As stated above, in this case, the complaint alleges conversion, intentional interference with business expectancy, and misappropriate of trade secrets/confidential information (and seeks certain equitable remedies). Doc. #1-4 at 7-11.

1 Thus, this Court must decide whether these state-law based claims raise a federal question
2 derived from this Court's need to consider HIPAA.

3 As a factual basis, the complaint alleges that Plaintiff is a supplier of medication. *Id.*
4 at 3. Plaintiff claims it purchased the patient files of Soporex, who also supplied medication.
5 *Id*. These patient files consisted of Soporex's customer lists, including contact information
6 and prescription histories. *Id.* Defendant E-Health Solve, Inc. is a software company that
7 provided computer and internet services to Soporex. *Id*. at 4. Upon the sale to Plaintiff,
8 Defendant E-Health Solve, Inc. allegedly commandeered Soporex's files and refused to
9 return the files to Soporex or to give them to Plaintiff as the purchaser. *Id.* at 5. E-Health
10 Solve, Inc. then, allegedly, sold Soporex's files to Geriatric Services of America, Inc. (the
11 other Defendant named herein). *Id*. Geriatric Services of America, Inc. then, allegedly, took
12 the contact information, contacted the patients, and gave the patients false information about
13 whether their medication needs would continue to be fulfilled. *Id*. at 5-6. Both Defendants
14 (or one of them) allegedly also posted false information on the Soporex website. *Id*. at 6.[3]
15 Thus, in layman's terms, Plaintiff claims that Defendants stole the information Plaintiff
16 purchased from Soporex and used that information to Defendants' advantage. HIPAA is
17 implicated in this case because the information allegedly purchased/stolen was confidential
18 patient healthcare information, which neither party disputes is protected by some of the
19 provisions of HIPAA.

20 Despite the fact that the information that is the subject of this litigation is protected
21 by HIPAA, this is a standard state-law tort case. One business claims another business stole
22 its confidential and proprietary information. Perhaps this particular information has an extra
23 level of confidentiality/protection because of HIPAA, but such protection does not convert
24 these claims into federal claims. Thus, this Court does not find a substantial federal claim,
25 nor a substantial federal interest in resolving these claims. Further, the Court finds that to

26

27
28 [3] Very soon after the sale to Plaintiff, Soporex declared bankruptcy. Nonetheless, apparently someone continued to update Soporex's website.

- 5 -

1  accept federal jurisdiction in this case would undermine the state/federal balance because
2  almost any litigation within the medical industry would have the potential for the disclosure
3  of information protected by HIPAA. Not all such cases should give rise to federal question
4  jurisdiction. Accordingly, applying the factors derived from *Grable*, this Court does not find
5  the claims in this case arise under federal law.

**Bankruptcy**

As indicated above, after allegedly selling its client files to Plaintiff, Soporex declared bankruptcy. Defendant E-Health Solve, Inc. claims that the Trustee in the Soporex bankruptcy may try to set aside the sale to Plaintiff as not being for fair market value. Thus, Defendant E-Health Solve, Inc. claims this Court has exclusive jurisdiction over this case because, "the assets at issue in this matter are subject to a bankruptcy proceeding." Doc. #23 citing 28 U.S.C. § 1334.

Certainly, federal courts have jurisdiction over bankruptcy cases. However, this is not a bankruptcy case. Thus, assuming there is a dispute between Plaintiff and the Soporex Trustee over who has proper ownership of these assets, presumably neither would argue E-Health Solve, Inc. could convert them to its own use.[4] Further, perhaps that dispute might cause Plaintiff to file or defend a claim within the Soporex bankruptcy. However, such litigation between the Soporex Trustee and Plaintiff would not confer jurisdiction on this Court to hear a different case between different parties that coincidentally involves a later disposition of the same property. In other words, if exclusive bankruptcy jurisdiction arose over this case, this Court would transfer the merits of this case to the bankruptcy court, not adjudicate them. Defendant E-Health Solve, Inc. has made no showing of how a possible effect on the Soporex bankruptcy confers jurisdiction on this District Court.

In fact, in the case relied on by Defendant, *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1998), the Court of Appeals held that an action is related to a bankruptcy if the outcome

---

[4] In its Reply, Plaintiff states that at this point, any reference to the Soporex bankruptcy is conjecture because the Trustee has not taken any action with regard to the sale of the Soporex files to Plaintiff (Doc. #25 at 6-7).

1 could have an effect on the bankruptcy estate — and held that therefore that claim had to be
2 administered within the bankruptcy; not, as Defendant apparently argues, in a parallel
3 litigation as long as such litigation is in federal and not state court. *Id.* ("We conclude that
4 the *Pacor* definition best represents Congress's intent to reduce substantially the time-
5 consuming and expensive litigation regarding a bankruptcy court's jurisdiction over a
6 particular proceeding.") As the preceding quote makes clear, the Court of Appeals was
7 considering the breadth of the bankruptcy court's jurisdiction as delegated from the district
8 court and not whether a district court should entertain parallel litigation because the case
9 might relate to a bankruptcy. *Id.* Therefore, this Court finds no basis for federal question
10 jurisdiction in Defendant's claim that this case implicates non-party Soporex's bankruptcy.
11 Such a holding is without prejudice to either party moving to transfer this case to the
12 bankruptcy court or to seek a stay if the bankruptcy court rules that the outcome of this
13 litigation would affect the Soporex estate. However, as indicated above, such hypothetical
14 involvement with the Soporex bankruptcy does not create jurisdiction in this Court.

15 Having considered Defendant E-Health Solve, Inc.'s only two bases for federal
16 subject matter jurisdiction, and finding none,

17 **IT IS ORDERED** granting Plaintiff's motion to remand (Doc. #9); this case is
18 remanded to the Maricopa County Superior Court; Plaintiff's alternative request to abstain
19 is denied as moot;

20 **IT IS FURTHER ORDERED** that the motion to withdraw (Doc. #17) and the
21 motion to compel (the response to which is at Doc. #24), and the motion for preliminary
22 injunction, remain pending before the Superior Court;

23 **IT IS FURTHER ORDERED** that the Court will not give expedited consideration
24 to Plaintiff's request for fees, costs and expenses (Doc. #9 at 11) and to the extent such
25 request is currently pending it is denied without prejudice; Plaintiff may file a motion seeking

such fees, costs and expenses as provided for by the Federal Rules of Civil Procedure and the Civil Local Rules for the District of Arizona.[5]

DATED this 12th day of November, 2008.

                                                  James A. Teilborg
                                                United States District Judge

---

[5] *See Moore v. Permanent Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (district court retains jurisdiction after remand to consider award of fees).

- 8 -